C. YONG JEONG, ESQ. (SBN 255244)
PAUL J. COHEN, ESQ. (SBN 293797)
DANIEL HOFFMAN, ESQ. (SBN 296794)
Jeong & Likens, L.C.
1055 W. 7th St., Suite 2280
Los Angeles, California 90017
Tel. 213-688-2001
Fax. 213-688-2002

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYOUNGCHUL SHIN, an individual; SEONGMIN CHO, an individual; YONGSEON KIM, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UNI-CAPS, LLC., a California limited liability company; SANG H. KIM, an individual; KYUNG BAE PARK, an individual; KYU SANG SHIM, an individual; KATIE PARK, an individual; ROBERT KUGH, an individual; MICHAEL KIM, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 8:14-cv-01387-JFW-SH<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAIR LABOR STANDARD ACT AND CALIFORNIA LABOR CODE VIOLATIONS IN EMPLOYMENT AND RELATED CLAIMS**<br><br>**<u>Jury Trial Demanded</u>** |

Plaintiff MYOUNGCHUL SHIN ("SHIN"), Plaintiff SEONGMIN CHO ("CHO"), and Plaintiff YONGSEON KIM ("YONGSEON") (collectively, "Plaintiffs") by and through their undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following.

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 215, 216; California Labor Code §§ 510, 1194, 226.7, 512, 226, 201, 203, 204; California Government Code §§ 12900 et seq.; and California Business and Professions Code § 17200.  Federal question jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the California state claims under 28 U.S.C. § 1367 because these claim arise out of the same case or controversy as Plaintiffs' federal claims.

3. Venue in this district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district where a substantial part of the acts and omission giving rise to the claims occurred.

## PARTIES

4. At all relevant times Plaintiff SHIN, Plaintiff CHO, and Plaintiff YONGSEON are and were individuals residing in the State of California.  Defendants UNI-CAPS, LLC, and DOES 1 – 20 (collectively, "Defendants") employed Plaintiff SHIN as a non-exempt employee from approximately early-2011 through March 2014. Defendants employed Plaintiff CHO as a non-exempt employee from approximately 2009 through March 2014. Defendants employed Plaintiff YONGSEON as a non-exempt employee from approximately 2007 through March 2014. Plaintiffs were employed as managers for UNI-CAPS.

5. At all relevant times Defendant UNI-CAPS, LLC ("UNI-CAPS") is a limited liability company organized under the laws of the State of California, with a principal place of business located in California.  UNI-CAPS is an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), and Industrial Welfare Commission (IWC) Wage Order, in that it directly or indirectly employed or exercised control over wages, hours, and working conditions of Plaintiffs.

6. Plaintiffs are informed and believe, and on that basis allege, that at all relevant times SANG H. KIM ("KIM") is the principal, owner, president, agent, representative, and officer of UNI-CAPS.

7. Plaintiffs are informed and believe and thereon allege that at all relevant times KYUNG BAE PARK ("PARK") is an agent, representative, and officer of UNI-CAPS.

8. Plaintiffs are informed and believe and thereon allege that at all relevant times KYU SANG SHIM ("SHIM") is an agent, representative, and officer of UNI-CAPS.

9. Plaintiffs are informed and believe and thereon allege that at all relevant times KATIE PARK ("KATIE") is an agent, representative, and officer of UNI-CAPS.

10. Plaintiffs are informed and believe and thereon allege that at all relevant times ROBERT KUGH ("KUGH") is an agent, representative, and officer of UNI-CAPS.

11. Plaintiffs are informed and believe and thereon allege that at all relevant times MICHAEL KIM ("MICHAEL") is an agent, representative, and officer of UNI-CAPS.

12. The true names and capacities of Defendants DOES 1–20 are presently unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiffs are informed and believes and thereon allege that at all times relevant hereto each of the Defendants including DOES 1–20 was the agent, affiliate, officer, director, manager, principal, alter-ego, employee, and/or successor of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conduct and the Plaintiff's damages caused therefrom.

14. Plaintiffs are informed and believe and thereon allege that all Defendants are employers under the FLSA in that they acted directly or indirectly in the interest of UNI-CAPS in

relation to Plaintiffs' employment. Thus all Defendants are liable to Plaintiff individually for violations of the FLSA alleged in this Complaint.

15. Plaintiffs are informed and believe, and on that basis allege, that at all relevant times each of the defendants was a principal, agent, representative, employee, alter ego, instrumentality, and/or successor in interest of each of the other defendants, acting within the course and scope of said relationship, and/or acting directly or indirectly in the interest of defendants vis-à-vis Plaintiffs.

16. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants aided and assisted the other Defendants in committing the wrongful acts and causing the damages described in this Complaint.  To the extent that one or more Defendants perpetrated the conduct and omissions alleged in this Complaint, the remaining Defendants aided, abetted, assisted, confirmed, and/or ratified such conduct and/or omissions.

17. Plaintiffs are informed and believe, and on that basis allege, that at all relevant times, each and every Defendant entered into a conspiracy and agreement with every other Defendant, or later joined that conspiracy and ratified the acts and conduct of other Defendants who had entered the conspiracy.  Plaintiffs are informed and believe, and on that basis allege, that at all relevant times, all Defendants knowingly, maliciously, and willfully entered into that conspiracy.  The purposes of the conspiracy include, but are not limited to, the wrongs alleged in this Complaint.  All Defendants' acts and failures to act as alleged in this Complaint were perpetrated in furtherance of the conspiracy.

## FACTUAL ALLEGATIONS

18. Plaintiffs are former non-exempt employees of Defendants and are of Korean national origin.  Defendants employed Plaintiffs as managers through March 6, 2014.

19. With little or no exception, during the course of their employment, Defendants paid Plaintiffs a fixed salary twice a month, regardless of how many hours Plaintiffs worked. Defendants routinely required Plaintiffs to work more than eight hours per day and more

than 40 hours per workweek. Defendants often required Plaintiff to work in excess of twelve hours per day. Plaintiffs were never properly compensated for the overtime hours they worked.

20. Defendants routinely required Plaintiffs to work more than five hours without being given at least a 30-minute meal period.  Defendants routinely failed to compensate Plaintiffs for these missed meal periods.

21. Defendants routinely failed to provide Plaintiffs with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal employer entity, and other information required by law.

22. Plaintiffs, along with four other employees of Defendants (Sung Hyun Ka, Kyoungsu Kim, Changnam Ym, and Daeseok Lim) complained on numerous occasions to their supervisors and managers at UNI-CAPS regarding the numerous FLSA, California Labor Code, and FEHA violations Defendants imposed on them.

23. On or around January 2, 2014, Plaintiffs and the four other employees requested copies of employment records from Defendants pursuant to Labor Code § 226.

24. Defendants responded by threatening to fire Plaintiffs and have their green cards revoked. Defendants told Plaintiffs that if they were unhappy with the current working conditions they should quit and go back to Korea.

25. The four other employees gave in to Defendants threats and decided to no longer pursue their claims against Defendants.

26. On or around February 21, 2014, Plaintiffs filed a complaint with the Department of Fair Employment and Housing ("DFEH") alleging violations of the Fair Employment and Housing Act ("FEHA").

27. Plaintiffs were then terminated by UNI-CAPS on or around March 6, 2014 in retaliation for their complaints regarding Defendants' labor violations.

28. At the time Defendants terminated Plaintiffs, Defendants failed to pay Plaintiffs all amounts owed to them in a timely manner upon separation from employment.

## FIRST CAUSE OF ACTION

**(For Failure to Pay Overtime Wages under the FLSA against All Defendants)**

29. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

30. Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, provides that an employee is entitled to be paid one and one-half times his or her regular rate of pay for all hours worked in excess of forty hours per workweek. FLSA is applicable to Plaintiff's employment with Defendants at all times relevant to this Complaint.

31. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides that an employee who has not been paid the legal overtime compensation may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid overtime wages and interest on those amounts.

32. Defendants routinely required Plaintiffs to work in excess of eight hours per day or in excess of forty hours per week. Defendants failed to pay Plaintiffs owed overtime wages.

33. Because of Defendants' unlawful failure to pay Plaintiffs' overtime wages as required by law, Plaintiffs have suffered damages in amounts to be proven at trial, and is entitled to all appropriate remedies provided by FLSA including liquidated damages, attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

**(For Failure to Pay Overtime/Double-time Wages under California Labor Code against UNI-CAPS)**

34. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

35. Pursuant to Cal. Labor Code § 510 and California Industrial Welfare Commission ("IWC") Wage Order, an employee is entitled to be paid one and one-half to two times his or her regular rate of pay for all hours worked in excess of eight hours per workday or forty hours per workweek. An employee is further entitled to double the employee's

1 regular rate of pay for all hours worked in excess of 12 hours in any workday. Cal. Labor Code and IWC Wage Order apply to Plaintiffs' employment with Defendants at all times relevant to this Complaint.

36. Under Cal. Labor Code § 1194, an employee who has not been paid the legal overtime/double-time compensation may recover the unpaid balance together with attorneys' fees and costs of suit.

37. Defendants routinely required Plaintiffs to work in excess of eight hours per day or in excess of forty hours per week. Defendants often required Plaintiff to work in excess of twelve hours per day.  Defendants failed to pay Plaintiffs owed overtime and double-time wages.

38. Because of Defendants' unlawful failure to pay Plaintiffs' overtime and double-time wages as required by law, Plaintiffs have suffered damages in amounts to be proven at trial, and is entitled to all appropriate remedies provided by Cal. Labor Code and IWC Wage Orders, including liquidated damages, attorneys' fees, and costs of suit.

### **THIRD CAUSE OF ACTION**

**(For Failure to Provide Rest Breaks Under California Labor Code against UNI-CAPS)**

39. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

40. The California Industrial Welfare Commission ("IWC") has promulgated Wage Orders requiring employers to provide non-exempt employees with 10 minute paid rest periods for every 4 hour work period.

41. Plaintiffs were not an exempt employee, yet at no time during Plaintiffs' employment with Defendants were Plaintiffs advised by Defendants or Defendants' agents about Plaintiffs' right to take a 10 minute paid rest break for every four hours of scheduled work, nor were Plaintiffs provided with such a break.

42. Defendants authorized, knew of, and willfully failed to provide Plaintiffs with their legally mandated rest breaks because such misconduct was committed by Defendants' managing agents.

43. Defendants' wrongful conduct proximately caused Plaintiffs to suffer damages in an amount to be proven.

44. Pursuant to Labor Code section 226.7(c), Defendants are obligated to pay Plaintiffs one additional hour of pay at Plaintiffs' regular rate of compensation for each work day that Plaintiffs were not provided with the rest period as mandated by the IWC.

45. Pursuant to Labor Code section 218.5, Plaintiffs are entitled to an award of reasonable attorney's fees and costs. Plaintiffs have been required to hire Jeong & Likens, L.C., and have incurred an obligation for reasonable attorney's fees.

46. The conduct described in this Cause of Action constitutes an unfair business practice pursuant to the California Bus. & Prof. Code § 17200, et seq. Therefore, Plaintiffs are entitled to any and all equitable relief that this Court deems just and proper.

## FOURTH CAUSE OF ACTION

**(For Failure to Provide Meal Periods under California Labor Code against UNI-CAPS)**

47. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

48. California Labor Code § 512 requires employers to provide non-exempt employees who work five (5) or more hours per day with one thirty (30) minute unpaid meal period for every four (4) hours of work.

49. Plaintiffs were non-exempt employees who worked more than 5 hours per day for Defendants and was therefore entitled to a 30 minute meal break under Labor Code § 512. However, at no time during Plaintiffs' employment with Defendants did Defendants provide Plaintiffs with Plaintiffs' legally required meal period or advise Plaintiffs of Plaintiffs' right thereto.

50. Defendants' wrongful conduct proximately caused Plaintiffs to suffer damages in an amount to be proven.

51. Under Labor Code section 226.7(c), Defendants must reimburse Plaintiffs one hour's pay for each meal period that Plaintiffs were forced to work through.

52. Under Labor Code section 218.5, Plaintiffs are entitled to an award of reasonable attorney's fees and costs.  Plaintiffs have been required to Jeong & Likens, L.C. and have incurred an obligation for reasonable attorney's fees.

53. The conduct described in this Cause of Action constitutes an unfair business practice pursuant to the California Bus. & Prof. Code § 17200, et seq.  Therefore, Plaintiffs are entitled to any and all equitable relief that this Court deems just and proper.

## FIFTH CAUSE OF ACTION
**(For Retaliation for Exercising Protected Rights under the FLSA against all Defendants)**

54. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

55. Numerous times during their employment Plaintiffs exercised their protected rights by complaining to Defendants about Defendants various FLSA, Labor Code and FEHA violations.

56. On or around January 2, 2014, Plaintiffs, along with four other employees of Defendants (Sung Hyun Ka, Kyoungsu Kim, Changnam Ym, and Daeseok Lim) exercised their protected rights by requesting copies of employment records from Defendants pursuant to Labor Code § 226.

57. Defendants retaliated against Plaintiffs and the four other employees for exercising said rights by threatening to fire them and have their green cards revoked. Defendants told Plaintiffs that if they were unhappy with the current working conditions they should quit and go back to Korea.

58. The four other employees gave in to Defendants threats and decided to no longer pursue their claims against Defendants.

59. On or around February 21, 2014, Plaintiffs exercised their protected rights by filing a complaint with the Department of Fair Employment and Housing ("DFEH") alleging violations of the Fair Employment and Housing Act ("FEHA").
60. Defendants again retaliated against Plaintiffs for exercising said rights by subsequently terminating Plaintiffs on March 6, 2014.
61. Such retaliation violates § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).
62. Under § 16(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiffs are entitled to legal and equitable relief including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages

## SIXTH CAUSE OF ACTION

**(For Retaliation for Exercising Protected Rights under the California Labor Code against UNI-CAPS)**

63. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.
64. Numerous times during their employment Plaintiffs exercised their protected rights by complaining to Defendants about Defendants various FLSA, Labor Code and FEHA violations.
65. On or around January 2, 2014, Plaintiffs, along with four other employees of Defendants (Sung Hyun Ka, Kyoungsu Kim, Changnam Ym, and Daeseok Lim) exercised their protected rights by requesting copies of employment records from Defendants pursuant to Labor Code § 226.
66. Defendants retaliated against Plaintiffs and the four other employees for exercising said rights by threatening to fire them and have their green cards revoked. Defendants told Plaintiffs that if they were unhappy with the current working conditions they should quit and go back to Korea.
67. The four other employees gave in to Defendants threats and decided to no longer pursue their claims against Defendants.

68. On or around February 21, 2014, Plaintiffs exercised their protected rights by filing a complaint with the Department of Fair Employment and Housing ("DFEH") alleging violations of the Fair Employment and Housing Act ("FEHA").
69. Defendants again retaliated against Plaintiffs for exercising said rights by subsequently terminating Plaintiffs on March 6, 2014.
70. Such retaliation violates Labor Code § 98.6.
71. Under Labor Code § 98.6(b), Plaintiffs are entitled to reinstatement and lost wages and benefits.
72. Pursuant to Civil Code § 3294, Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known, authorized, ratified, and/or perpetrated by Defendants' managing agents, entitling Plaintiffs to an award of punitive and exemplary damages in an amount to be proven.

## SEVENTH CAUSE OF ACTION

**(For Failure to Permit Inspection of Records and Maintain Records against UNI-CAPS)**

73. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.
74. Labor Code section 226(a) requires an employer to provide its hourly employees with an accurate itemized statement along with their wages. Labor Code section 226(a) also requires employers to record any wage deductions in ink and keep these records on file for at least three years. Labor code section 226(b) and (c) require that employers afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.
75. In violation of Labor Code section 226(a), Defendants never provided Plaintiffs with any kind of wage statement and Defendants failed to properly maintain their records in accordance with said provision.
76. In violation of Labor Code section 226(b) and (c), Defendants failed to produce or allow inspection of accurate and complete employment records upon Plaintiffs' request.

77. Because of Defendants' failure to properly maintain records and to produce accurate and complete records upon request, as required by law, Plaintiffs have suffered damages in amounts to be proven at trial, and are entitled to all appropriate remedies provided by the FLSA, Cal. Labor Code, and IWC Wage Orders, including liquidated damages, attorneys' fees, and costs of suit.

### EIGHTH CAUSE OF ACTION
**(For Failure to Provide Accurate, Itemized Wage Stubs against UNI-CAPS)**

78. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

79. Under Cal. Labor Code § 226, for each pay period, employers must furnish each employee with an accurate itemized statement reflecting employment information including gross wages earned, total hours worked, and itemized deductions. Employers must record wage deductions in ink and keep these records on file for at least three years.

80. Defendants knowingly and intentionally failed to provide Plaintiffs with accurate itemized statements in the form and manner specified by Cal. Labor Code § 226.

81. Plaintiffs have suffered injury as a result of Defendants' unlawful failure and refusal to provide accurate itemized wage stubs. Under Cal. Labor Code § 226(e), Plaintiffs are entitled to recover 450 for the first violation and $100 for each subsequent violation, not to exceed $4,000. Under Cal. Labor Code § 226(e), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

### NINTH CAUSE OF ACTION
**(For Failure to Pay Wages Due Upon Discharge against UNI-CAPS)**

82. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

83. Cal. Labor Code § 201 requires that an employer pay all wages earned and unpaid to an employee immediately upon discharge of that employee.

84. Cal. Labor Code § 203 authorizes an employee to recover penalties in an amount equal to the former employee's daily wages for up to 30 days if an employer willfully fails to pay any wages due to the employee at the time of discharge.

85. Defendants willfully and intentionally failed to pay owed overtime and meal break compensation to Plaintiffs, who were fired on or around March 6, 2014.

86. Because of Defendants' unlawful failure and refusal to pay all owed wages upon discharge, Plaintiffs are entitled to recover penalties equal to thirty days' pay in amounts to be proven at trial.

## TENTH CAUSE OF ACTION

**(For Unfair Competition, Business and Professions Code sections 17200, et seq., against UNI-CAPS)**

87. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

88. This cause of action is being brought pursuant to Cal. Business and Professions Code sections 17200, et seq., and California case law including *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal.4th 163, 179 (2000).

89. Plaintiffs are a "person" within the meaning of Business and Professions Code section 17201 and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

90. Business and Professions Code sections 17200, *et seq.*, prohibit unlawful and unfair business acts or practices.

91. Through the conduct alleged in this Complaint, Defendants have violated Cal. Labor Code sections 510, 226.7, and 512, and 29 U.S.C. § 216(b).

92. Each of these violations constitutes an illegal and unfair business act or practice under Business and Professions Code sections 17200, *et seq.*

93. As a proximate cause of Defendants' conduct and unfair business acts and practices, Plaintiffs are entitled to recover restitution and injunctive relief pursuant to Business and

Professions Code section 17203, including but not limited to, orders that Defendants account for, disgorge, and restore to Plaintiffs the overtime wages owed, and premiums owed for failing to provide meal periods, for a period extending back a period of four years. Business and Professions Code section 17208.

94. These remedies are cumulative pursuant to Business and Professions Code section 17205.

## ELEVENTH CAUSE OF ACTION
**(For Wrongful Termination in Violation of Public Policies against UNI-CAPS)**

95. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

96. Defendants discharged Plaintiffs for exercising their rights to be paid overtime wages under Labor Code §§ 510, 1194; and 29 U.S.C. § 207.

97. Defendants discharged Plaintiffs in retaliation for Plaintiffs' exercising protected rights, in violation of Labor Code § 98.6 and § 15(a)(3) of the FLSA.

98. Defendants discharged Plaintiffs because of their national origin in violation of Cal. Const. Art. I, § 8 and Cal. Govt. Code § 12940.

99. Said discharge by Defendants is in violation of important and well-established public policies, as set forth in the statutes and constitutional provisions cited above.

100. Defendants' wrongful conduct proximately caused Plaintiffs to suffer general and special damages in an amount to be proven.

101. Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known, authorized, ratified, and/or perpetrated by Defendants' managing agents, entitling Plaintiffs to an award of punitive and exemplary damages in an amount to be proven.

## TWELFTH CAUSE OF ACTION
**(For Discrimination Based on National Origin against UNI-CAPS)**

102. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

103. At all times mentioned in this complaint, Defendants regularly employed five or more persons, bringing Defendants within the provisions of Cal. Gov. Code §§ 12900 et seq.

104. On or around February 21, 2014, Plaintiffs filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH") against Defendants. Plaintiffs have received a Notice of Right to Sue from the DFEH.

105. Plaintiffs, whose place of national origin is Korea, are members of a protected class.

106. Plaintiffs were qualified and were competently performing in the positions that they held.

107. Defendants subjected Plaintiffs to adverse employment actions, including termination, because of their national origin in violation of Cal. Gov. Code § 12940.

108. Plaintiffs believe and based upon herein allege that Defendants treated other employees in the same establishment for equal work, on jobs the performance of which requires equal skill, differently because of their national origin.

109. Plaintiffs endured a hostile work environment based upon their national origin. Plaintiffs were required to work longer hours, several consecutive days (longer than 7 days), and were not provided meal breaks or compensated for their overtime work.

110. Plaintiffs believe and based upon herein allege that such treatment was based upon their national origin as other employees in the same establishment, for equal work would be compensated for their overtime wages and would be provided meal time breaks.

111. Plaintiffs complained to Defendants about the discriminatory and hostile work environment and in response Defendants threatened to fire Plaintiffs and have their green cards revoked. Defendants told Plaintiffs that if they were unhappy with the current working conditions they should quit and go back to Korea.

112. Plaintiffs believe and based upon herein allege that Defendants had actual and/or constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

113. As a result of the offensive work environment perpetrated and maintained by Defendants, Plaintiffs have suffered damages in amounts to be proven at trial, and are entitled to all appropriate remedies provided by the FEHA, including liquidated damages, attorneys' fees, and costs of suit.

114. Pursuant to Civil Code § 3294, Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetuated by Defendants' managing agents, entitling Plaintiffs to an award of punitive and exemplary damages in an amount to be proven.

### THIRTEENTH CAUSE OF ACTION

**(For Private Attorneys General Act Violation of Cal. Labor Code §§ 2698 *et. seq.* against UNI-CAPS)**

115. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding and following paragraphs.

116. Plaintiffs allege that on or about March 26, 2014, they provided written notice to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the California Labor Code that Defendants have violated, and continue to violate.

117. More than 3 months have passed since Plaintiffs provided that notice, without being informed that the LWDA intended to investigate. Accordingly, Plaintiffs have timely exhausted all administrative procedures required under Labor Code §§ 2698, 2699 and 2699.3, and as a result, is justified as a matter of right in bringing forward this cause of action.

118. As a result of the acts alleged above, Plaintiffs will seek penalties and attorneys' fees under Labor Code §§ 2698 and 2699 because of Defendants' violations of numerous provisions of the California Labor Code.

119. Pursuant to California Labor Code § 2699, Plaintiffs should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs, with the remainder to go to the LWDA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court enter judgment against Defendants for:

1. General and special damages, including back pay, in amounts to be proven at trial;
2. Statutory damages;
3. Unpaid overtime waves, penalties and interest, according to proof;
4. Liquidated damages for unpaid overtime wages pursuant to 29 U.S.C. § 216(b);
5. Wages under Cal. Labor Code § 226.7 in the amount of one additional hour of pay for each work day that meal and rest breaks were not provided;
6. Penalties for failure to provide accurate, itemized wage stubs pursuant to Cal. Labor Code § 226(e);
7. Waiting time penalties pursuant to Cal. Labor Code § 203;
8. Restitution and injunctive relief pursuant to Cal. Business and Professions Code section 17203, including, but not limited to, ordering Defendants to account for, disgorge, and restore to Plaintiff the overtime wages owed, and premiums owed for failing to provide meal periods for a period extending back a period of four years;
9. Exemplary and punitive damages;
10. Reasonable costs and attorney's fees;
11. Immediate Court Order, reinstating Plaintiff to his former position within the company; and
12. Such other and further relief as the Court deems just and proper.

///
///
///
///
///

17
COMPLAINT

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: October 17, 2014

                                                                Respectfully submitted,

                                                                */s/ C. Yong Jeong*
                                                                C. Yong Jeong, Esq.
                                                                Paul J. Cohen, Esq.
                                                                Daniel Hoffman, Esq.
                                                                Attorneys for Plaintiffs

COMPLAINT